## OWENS *v.* WIGHT.[1]

*(Circuit Court, D. Colorado. December, 1883.)*

1. LEASE—COVENANT OF.
   The execution of a lease for real estate implies a covenant to lessee for quiet enjoyment during the term.
2. SAME—REMEDY OF LESSEE.
   In case of entry upon the demised premises by the lessor during the term, the remedy of the lessee is in damages by suit at law for breach of covenant, and not by action in equity for an accounting.

On Demurrer to Bill.

*C. I. Thompson,* for plaintiff.

*A. W. Rucker,* for defendant.

HALLETT, J. The bill avers that defendant and others demised to plaintiff a mining claim called the Vanderbilt lode for a term of six months, from March 7, 1883; that defendant afterwards, and during said term, entered on the said premises, and took therefrom a large quantity of valuable ore, and plaintiff prays that defendant may be required to account for said ore. If, as alleged, defendant and others made a lease to plaintiff, a covenant for quiet enjoyment would be implied from such letting. Tayl. Landl. & T. § 304; Sedg. Dam. 183, note. The entry into the premises by defendant during the time was a breach of the covenant, and plaintiff's remedy is in damages for such breach. What the measure of damages may be is not for present consideration. Upon the facts stated, plaintiff is not entitled to an account, and the remedy is not in equity, but at law. Plaintiff may have the case transferred to the law docket if he wishes to do so. Whether the action shall be against the defendant alone or against all of the lessors is not now to be determined. Defendant should have demurred before answering, and therefore he must pay the costs of the answer, and the costs, if any, upon the issue of fact joined. The answer may be withdrawn, and the demurrer will be sustained.

[1] From the Colorado Law Reporter.